

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable S. R. Allen
County Attorney
Hamilton County
Hamilton, Texas

Dear Sir:

Opinion No. 0-6432
Re: Compensation of the Sheriff
of Hamilton County.

Your letter of February 19, 1945, requesting the opinion of this department regarding the compensation of the Sheriff of Hamilton County, is, in part, as follows:

"The Sheriff of this county has requested my opinion as to the power and limit of the commissioner's court in fixing his salary, and I would appreciate the opinion of your office as to same.

"This county has a population of 13,303 and has taxable values of $8,450,000.00."

Hamilton County has a population of less than twenty thousand (20,000) inhabitants according to the 1940 Federal Census. The county officials of said county are compensated on a fee basis for the performance of their official services rather than on an annual salary basis.

Section 61, Article 16 of the State Constitution, among other things, provides in effect that the Commissioners' Court in Counties having a population of less than twenty thousand (20,000) inhabitants according to the then last preceding federal census, shall have the authority to determine whether county officers shall be compensated on a fee basis or on a salary basis.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Section 2 of Article 3912e, Vernon's Annotated Civil Statutes, provides in part:

"In counties having a population of less than twenty thousand (20,000) inhabitants according to the last preceding federal census, it shall likewise be the duty of the Commissioners' Court, by its order duly made and entered of record at its first regular meeting in January of each calendar year, to determine whether county officers of such county (excluding county surveyors, registrars of vital statistics and notary publics) shall be compensated for the fiscal year on the basis of an annual salary or whether they shall be compensated on the basis of fees earned by them in the performance of their official duties, and it shall also be the duty of the county clerk to forward to the Comptroller of Public Accounts of the State of Texas, on or before the 31st day of January, a certified copy of said order of said Commissioners' Court."

Under Articles 3883 and 3891, Vernon's Annotated Civil Statutes, the maximum compensation that may be retained by the Sheriff of Hamilton County cannot exceed Three Thousand ($3000) Dollars per annum. The Sheriff is authorized under Article 3891 to pay or be paid the amount allowed him under the provisions of Article 3883, together with the salaries of his assistants and deputies and authorized expenses under Article 3899, and the amount necessary to cover costs of premium on whatever surety bonds that may be required by law, out of the current fees of his office. If the current fees of such office, collected in any year, be more than the amount needed to pay the amount above specified, the same shall be deemed excess fees and shall be disposed of in the manner stated in Article 3891. The Sheriff is authorized to make the above deductions in arriving at his maximum compensation.

Honorable S. R. Allen, page 3

Article 3934, Vernon's Annotated Civil Statutes, provides:

"Sheriffs, shall also receive the following compensation:

"(1) For all process issue from the Supreme Court or courts of Civil Appeals, served by them, the same fees as are allowed them for similar services upon process issue from the District Courts.

"(2) For summoning jurors in district and county courts, serving all election notices, notices to overseers of roads and doing all other public business not otherwise provided for, not exceeding One Thousand ($1,000) Dollars per annum to be fixed by the Commissioners' Court at the same time other ex officio salaries are fixed, and to be paid out of the general funds of the county; provided that no such ex officio salary shall be allowed any sheriff who has received a maximum salary allowed by law."

As above stated, under Article 3883 and Article 3891, Vernon's Annotated Civil Statutes, the maximum compensation of the Sheriff of Hamilton County cannot exceed Three Thousand ($3000) Dollars per annum.

Under the above mentioned statutes, the Commissioners' Court can legally allow the sheriff ex officio compensation not to exceed One Thousand ($1000) Dollars per year, provided, that the said ex officio compensation does not increase the compensation of the sheriff beyond the maximum as provided by law.

Honorable C. R. Allen, page 4.

In connection with the foregoing we want to point out that in view of Article 6869, Vernon's Annotated Civil Statutes, that it is our opinion that the Commissioners' Court can legally pay the salaries of deputy sheriffs out of the general fund of the county, if in the opinion of the Commissioners' Court, fees of the sheriff's office are not sufficient to justify the payment of the salaries of such deputies. The salaries of such deputies are to be determined as provided by Article 3902, Vernon's Annotated Civil Statutes.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:zd

APPROVED FEB 27 1948

FIRST ASSISTANT
ATTORNEY GENERAL


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN